## UNITED STATES v. ONE AUTOMOBILE, 1941 CHRYSLER COUPE, MOTOR

### No. 24980.

### Civil Action No. 149.

District Court, S. D. Texas, Laredo Division.

Nov. 21, 1945.

Brian S. Odem, U. S. Atty., and Joseph W. Cash, Asst. U. S. Atty., both of Houston, Tex., for plaintiff.

Raymond & Alvarado, of Laredo, Tex., for claimant.

HANNAY, District Judge.

In this case the United States filed a libel of forfeiture, seeking to forfeit the above described automobile because of alleged violations of the Export Control laws. It is undisputed that at the time of the seizure of the automobile in question, it was being driven by Manuel Longoria Carrejo, on the International Bridge between the United States and the Republic of Mexico, with the consent of the claimant, Manuel Cabral y Rios, a citizen and resident of the Republic of Mexico, who claims to be the owner of said automobile.

It is the contention of claimant that the said Carrejo intended going to Nuevo Laredo, Tamaulipas, Mexico, to buy avacados, and then drive back to Laredo, Texas, and there re-deliver said automobile to claimant. No export license or other authorization had been granted for such exportation, if it was an exportation.

At the close of the evidence the United States of America made a motion for an instructed verdict. This motion was denied. The case was then submitted to the jury, who were asked the following question:

"Do you find that on September 2, 1943, at the time of the detention by the United States Government of the 1941 Chrysler Convertible Coupe owned by the claimant herein, Manuel Cabral, that said automobile was being taken into Mexico with intention of exporting same."

The jury answered:

"We do not."

Claimant made a motion for judgment on the jury's finding. The Unit-

ed States filed a motion to set aside the verdict and for judgment, because, it says, its motion for an instructed verdict should have been granted for the reason that the proof showed without dispute that claimant was exporting and taking out, and attempting to export and take out of the United States, the vehicle seized, to the Republic of Mexico, without any authority whatsoever; hence there was no issue of fact to be submitted to the jury. Claimant argues that inasmuch as his said automobile was being taken into Mexico for a temporary sojourn, with no intention to leave said car there, even though no export license had first been obtained, there was no attempted exportation in violation of law. The correctness of this proposition depends upon whether the ordinary Custom laws apply or whether war-time Neutrality laws control. Under the latter, the intention of returning the contraband to this country (and an automobile was contraband), attempted to be shipped or taken from this country without the proper authorization first having been obtained, is immaterial. The mere act of attempting the shipment from the United States of America without due authorization constitutes the completed exportation, irrespective and independent of any or no intention to bring it back. This is bound to be true when you consider the context of the Neutrality laws, the object and purpose sought to be obtained through same, and the further fact that no effective control over the shipment could be exercised after it once leaves the United States of America. Supreme Court case, United States v. Chavez, 228 U.S. 525, 33 S.Ct. 595, 57 L.Ed. 524, is strongly in point in that it outlines the method of construing such laws as are here under consideration.

I hold that the Government's contention is correct. It, therefore, follows that the United States of America's motion to set aside the verdict and for judgment should be, and hereby is, granted, and that the claimant's motion for judgment should be, and hereby is, denied.